THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **KEITH M. PONDER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 5:10-cv-144 (CAR) |
| **BANK OF NEW YORK MELLON** | : | |
| **f/k/a THE BANK OF NEW YORK, &** | : | |
| **CIT GROUP MORTGAGE LOAN TRUST,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER ON MOTION TO DISMISS

Defendants have moved the Court to dismiss this case on a number of grounds, including failure to state a claim upon which relief can be granted. Upon review of the Complaint, the Court finds that Plaintiff's claims are frivolous and lack any arguable basis in fact or law. Accordingly, Defendants' Motion to Dismiss (Doc. 3) is **GRANTED**.

The Complaint is largely incomprehensible. In it, Plaintiff makes wide-ranging, conclusory, and nonsensical allegations, apparently to avoid repayment of or foreclosure on a secured loan originated or held by one or both of the Defendants. For example, Plaintiff complains that:

> (1) "Defendants holding the notes failed to disclose all. Namely the demand deposit made as a direct result of the Plaintiff execution of the wet ink"; (Complaint ¶ 3)
>
> (2) "failed to issue (Loan) constitutional dollars in the transaction, issuing credit which was unconstitutional at best"; (Complaint ¶ 7)

1

(3) "failed to disclose a material fact concerning the demanded deposit of the not pledge which caused the Plaintiff to be the true lender in the transaction"; (Complaint ¶ 8) and

(4) "used a common practice which was used by the Goldsmiths who keep the coins on deposit in their warehouse, thus creating money out of thin air against Article 1 Section 10 of the United States Constitution." (Complaint ¶ 9).

In addition, Plaintiff contends that Defendants "altered the contract (note)" (Complaint ¶ 5), but the Complaint does not specify the nature of the alleged alteration. These allegations have no basis in any known law and fail to set forth any factual basis for a finding that Defendants acted unlawfully.

Plaintiff also makes passing reference to several statutes in his Complaint. Mere legal conclusions are insufficient to state a claim for relief, and must be supported by well-pleaded factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). Plaintiff refers to the Truth in Lending Act, but makes only the conclusory allegation that Defendants failed to make required disclosures. Plaintiff also cites 12 U.S.C. §§ 3752, 3753, and 3758. These statutes relate to foreclosure proceedings by the Secretary of Housing and Urban Development and can have no bearing on any of Plaintiff's claims. There are no factual allegations in the Complaint that even suggest a right to relief under these statutes.

Given the frivolous nature of Plaintiff's claims, it would be futile to order Plaintiff to make a more definite statement or allow an opportunity to amend. The allegations in the Complaint are similar or identical to allegations contained in other *pro se* complaints filed

in this Court and seem to be taken from a "canned" complaint or from other materials in the public domain. Because the Complaint fails to state a claim upon which relief can be granted and fails even to provide a speculative basis for relief, it is hereby ordered that this case shall be **DISMISSED**, with prejudice, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

    It is SO ORDERED this 21st day of July, 2010.

                                          S/ C. Ashley Royal
                                          C. ASHLEY ROYAL, JUDGE
                                          UNITED STATES DISTRICT COURT

chw